YOUNG, EXECUTOR OF THE LAST WILL AND TESTAMENT OF ROBERT WALKINSHAW, DECEASED, v. EMERSON.

IN ejectment, plaintiff—relying upon a Mexican grant and a decree of the United States Board of Land Commissioners—offered in evidence a copy of the decree taken from the office of the United States Surveyor General, with a certificate by the Surveyor General that "the foregoing is a correct copy of the decree of confirmation made by said Board of Commissioners in the case therein mentioned, together with the indorsements thereon, as the same is on file in my office;" defendant objecting that the copy was not properly certified: *Held*, that the certificate complies sufficiently with the statute, the terms of which need not be literally pursued.

A judgment will not be reversed for error in the admission of evidence, if the evidence could have had no effect upon the verdict.

APPEAL from the Third District.

Ejectment for part of the Rancho Posolmi in Santa Clara. Plaint-

Young *v*. Emerson.

iff relied on a grant by Micheltorena, Mexican Governor, to Yñigo in 1844, with final confirmation by metes and bounds to plaintiff's testator, Robert Walkinshaw.

On the trial, plaintiff offered in evidence a copy of the grant and expediente from the United States Surveyor General's office, defendant excepting, on various grounds not essential to be noticed. He next offered a copy of the decree of confirmation of the grant by the United States Land Commissioners, and also a copy of the decree of the United States District Court, dismissing the appeal of the Government by order of the Attorney General of the United States, and rendering the decree of the Land Commissioners final; and also, a copy of the petition for confirmation; plaintiff offering at the same time to show that the land confirmed embraced the land in dispute, and also to connect himself with the confirmation. The copy of the decree of confirmation was taken from the Surveyor General's office, and is certified as follows: "I, John C. Hays, United States Surveyor General for California, and as such, having in my custody the papers of the late Board of Land Commissioners to ascertain and settle the private land claims in the State of California, do hereby certify the foregoing to be a correct copy of the decree of confirmation made by said Board of Commissioners in the case therein mentioned, together with the indorsements thereon, as the same is on file in my office."

Defendant objected to the introduction of the copy of the decree, on the ground, among others, that it was not certified to be a full, true and correct copy. Overruled, defendant excepting.

Plaintiff also offered in evidence, defendant objecting, the original map and field notes of a survey of that portion of the grant sold by the grantee to plaintiff's testator, and embracing the land in dispute. He subsequently offered a copy of a copy of this map, with the field notes, from the United States Surveyor General's office. Defendant objected, on the grounds: 1st, that the paper offered is only a copy, and no foundation is laid by proving the existence and loss of the original or otherwise; 2d, that it purports to be a copy of a private paper, and no foundation is laid for its use as evidence; 3d, it appears on its face to be connected with others in the original, which other papers are not given or offered

in evidence ; 4th; that the paper is immaterial and inadmissible for any purpose.    Overruled, defendant excepting.

Plaintiff having connected himself with the grant, confirmation, etc., and identified the land in dispute with that described in these various documents, rested.    Verdict and judgment for plaintiff. Defendant appeals.

*L. Archer* and *W. T. Wallace*, for Appellant.

1. The Court erred in admitting in evidence what purported to be a certified copy of the decree of United States Land Commissioners, because said copy was not properly certified. (Wood's Dig. art. 1187.)

2. The Court erred in admitting in evidence the copy of the map and field notes, because the same was offered in evidence to prove that the map of which it purports to be a copy was before the United States Land Commission at the time the land was confirmed, and the same did not prove, nor tend to prove that fact ; and because said papers so offered were not properly certified by the United States Surveyor General, and because there was no affidavit, nor evidence, nor showing of any character disclosing that the paper, which then purported to be in the hands of the United States Surveyor General, and of which this was offered as a copy, could not be produced before the Court ; nor that the practice or rules of the office of the Surveyor General of the United States prevented the same from being obtained from the office to be read in evidence. (*Hensley* v. *Tarpey*, 7 Cal. 288 ; *Soto* v. *Kroder*, Manuscript Opinions, 55.)

*Wm. Matthews*, for Respondent.

1. The confirmation in this case is by metes and bounds, and is equivalent to a patent. (*Natoma Water and M. Co.* v. *Clarkin*, 14 Cal. 544 ; *Moore* v. *Wilkinson*, 13 Id. 479 ; *Stark* v. *Barrett*, 15 Id. 361 ; *Mott* v. *Smith*, 16 Id. 533.)

2. The certificate to the copy of the decree says that it is a correct copy of the document, " as the same is on file in my office ; " and this is a substantial compliance with the statutes. (*Henderson* v. *Grewell*, 8 Cal. 583 ; *Natoma Water and M. Co.* v. *Clarkin*, 14 Id. 544.)

3. It was not necessary to account for the absence of the original map of survey and the field notes before introducing the copy. (Statutes of 1857, 317 ; *Natoma Water and M. Co.* v. *Clarkin,* supra.)

But the plaintiff having offered the original of the map, and by it designated the land in the deed to his testator, and the land confirmed, it was immaterial whether the copy from the office of the Surveyor General was properly admitted.   His case was perfect without the copy.

Cope, J. delivered the opinion of the Court—Field, C. J. and Baldwin, J. concurring.

This is an action of ejectment for part of the Rancho Posolmi, in Santa Clara county.  The plaintiff relies for a recovery upon a grant from the Mexican Government, and a decree of confirmation by the United States Board of Land Commissioners.   On the trial of the case, he introduced in evidence a copy of this decree, certified by the Surveyor General to be a correct copy thereof, " as the same is on file," etc.   Its introduction was objected to, upon the ground of the insufficiency of the certificate, but we do not see in what particular the certificate is essentially defective.   It shows that the copy is a correct copy of the whole decree, and this we regard as a sufficient compliance with the statute.   It is not intended that the terms of the statute should be literally pursued.

The only additional question arises upon the admission of evidence which could have had no effect upon the verdict of the jury. The error, if an error was committed, was therefore immaterial, and cannot be relied on as a ground of reversal.

Judgment affirmed.